UNITED STATES DISTRICT COURT
OF MARYLAND

MICHELLE DAVIS

    Plaintiff,

V.                                                                                          CIVIL ACTION NO

UNITED COLLECTION BUREAU, INC.

    Defendant.                                                              DECEMBER 31, 2015

COMPLAINT

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Baltimore, MD.

4. At all times material hereto, Defendant was doing business in Maryland.

5. At all times material hereto, Defendant, was acting like a debt collector with a principal place of business located at 5620 SOUTHWYCK BLVD, SUITE 206, TOLEDO, OH 43614.

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

7. On or about August 4, 2015, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent credit card account. (See Exhibit 1).

8. In the collection efforts, the Defendant violated the FDCPA, § 1692e and §1692g, by misrepresenting the plaintiff's right to dispute a debt.

9. The Fair Debt Collection Practices Act 15 U.S.C. §1692g requires a debt collector to provide the consumer debtor:

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

10. Defendant failed to provide the required information in 1692g (a) and failed to provide it clearly, so the least sophisticated consumer, was not only uncertain of her rights but completely unaware of her rights pursuant to, 15 U.S.C. §1692g, the validation of debts clause notice.

11. Defendant failed to advise the Plaintiff that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector pursuant to §1692g (3).

12. Defendant failed to advise the Plaintiff that the dispute <u>must</u> be done "within the 30 day period" pursuant to §1692g (4).

13. Defendant failed to advise the Plaintiff that she had a right to dispute "any portion" of the alleged debt pursuant to §1692g (4).

14. Defendant failed to advise the Plaintiff that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor" pursuant to §1692g (5).

15. In the collection efforts, the Defendant violated the FDCPA; inter alia, §1692 e, f and g.

## V. DEFENDANTS' PRACTICES

16. It is or was the policy and practice of Defendant to communicate with Maryland consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead consumers in violation of the FDCPA §1692e.

17. Defendant communicated with the Plaintiff and attempted to collect a total of $1,843.898 in charged off debt.

18. Based on information and belief, Defendant failed to advise the Plaintiff that the charged off amount included late payment fees.

19. Md. COMMERCIAL LAW Code Ann. § 12-506 (6) "A seller or financial institution may assess <u>either,</u> **but not both**:

   (i) A finance charge equal to the rate of interest charged on past due accounts as provided in the agreement; **or**

   (ii) A late payment charge.

20. Based on information and belief Defendant's charged both a finance charge and a late payment charge in violation of the Md. Commercial Law §12-506 (6).

21. Defendant's statement in the collection letter that Ms. Davis owes $1,843.89 is false, deceptive and misleading, pursuant to 15 U.S.C. §1692e (2)(a).

22. The Fair Debt Collection Practices Act 15 U.S.C. §1692e (2) (a).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of—
(A) the character, amount, or legal status of any debt.

A. Unlawful Claim

23. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

b. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. §1692f (1).

24. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

25. Plaintiff is entitled to an award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2. An award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF
BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30514
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com